KEKER, VAN NEST & PETERS LLP
STEVEN K. TAYLOR - # 204668
staylor@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
VICTOR CHIU - # 305404
vchiu@keker.com
ELIANE F. HOLMLUND - # 348883
eholmlund@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff AVIAGAMES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIAGAMES INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) COPYRIGHT INFRINGEMENT** |
| OAKEVER GAMES PTE. LTD.; VITA GAMES STUDIO PTE. LTD.; and LEXIN SHENGWEN TECHNOLOGY CO., LTD., | **(2) VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1.       Defendants Oakever Games Pte. Ltd., Vita Games Studio Pte. Ltd., and Lexin Shengwen Technology Co. Ltd. have engaged in a campaign of blatant copying of AviaGames, Inc.'s ("Avia") original and creative video advertisements that promote its popular mobile games. Avia is a highly successful company that develops and distributes skill-based games played principally on mobile apps. Seeing this success in the marketplace, Defendants sought to take advantage of Avia's resources and success for its own games. Rather than spending the necessary time, money, and effort to create their own ads, Defendants took a massive shortcut. Defendants copied over 100 of Avia's video ads, edited the majority of those ads so as to substitute images of their own competing games for those of Avia's mobile games, posted them on social media, and lured users to their competing mobile games. The brazen copying and the scale of these efforts are staggering.

2.       Worse still, Defendants admitted their wrongdoing, but continue their campaign after being discovered by Avia. Defendants' infringement was and continues to be intentional and willful. Indeed, after Avia notified Defendants of the shocking discovery that Defendants were unlawfully copying Avia's video ads, Defendants acknowledged "the problematic materials," admitted fault, and assured Avia that they would stop their scheme of infringement. Yet despite this promise, Defendants have not remedied their copyright theft or taken down their "problematic materials." Instead, Defendants have doubled down. Defendants continue to infringe Avia's copyrights, publishing Avia's ads as their own, but directing players to Defendants' games instead.

3.       Defendants' violations are not limited to simply copyright infringement. Not only did they copy Avia's protected material, but when Defendants published their copycat versions of Avia's video ads, Defendants removed Copyright Management Information ("CMI") that identified Avia as the author and owner of over 100 original works, thus masking the true origin of the pirated works. Stripping such CMI and distributing unlawful copies of Avia's copyrighted ads without CMI is a distinct offense, one that lays bare Defendants' scheme to steal Avia's work and publish it as their own.

4.      Because Defendants' willful and ongoing infringement and removal of CMI deprive Avia of substantial revenue it would have otherwise received, Avia has no choice but to file this lawsuit and seek damages and all other appropriate relief.

**PARTIES**

5.      Plaintiff Avia is a corporation organized under the laws of the state of Delaware, with its principal place of business in California.

6.      Defendant Oakever Games PTE. LTD. ("Oakever") is a Singapore private limited company. Its principal place of business is 400 Orchard Road, #11-08, Orchard Towers, Singapore 238875. Upon information and belief, Oakever was founded in 2022.

7.      Defendant Vita Games Studio PTE. LTD. ("Vita Studio") is a Singapore private limited company. Its principal place of business is 400 Orchard Road, #11-08, Orchard Towers, Singapore 238875. Upon information and belief, Vita Studio was founded in 2022.

8.      Defendant Lexin Shengwen Technology Co., Ltd. ("Lexin") is a Beijing company. Its principal place of business is Room 202, Building C7, Dongsheng Science Park, Beijing.

9.      Oakever, Vita Studio, and Lexin share a unity of interest and are alter egos of one another:

i)      Oakever and Vita Studio share the same physical address.

ii)      Oakever and Vita Studio have identical Terms of Service and Privacy Policies.[1]

iii)      Oakever lists support@learnings.ai as a customer service contact email,[2] which is similar to the domain www.learnings.ai that "belongs to the business Beijing Lexin Shengwen Technology Co., Ltd."[3]

---

[1] *See* https://oakevergames.com/tos.html; https://www.vitastudio.ai/tos.html; https://oakevergames.com/pp.html; https://www.vitastudio.ai/pp.html.

[2] *See* https://jigsawpad.oakevergames.com/pp.html ("For any questions regarding our Privacy Policy or our privacy practices, please contact us at support@learnings.ai.").

[3] *See* https://www.learnings.ai/contactus.html#.

2

COMPLAINT
Case No.

3022532

iv)     Lexin's website touts Oakever's *Jigsawscapes* app and Vita Studio's *Vita Mahjong* app as Lexin's own apps.[4] Lexin views itself as one and the same as Oakever and Vita Studios.

v)     On Chinese job platforms, Lexin's official company account has publicly posted job listings featuring products published by Oakever, including *Paint by Number: Coloring Game* and *Block Sudoku Woody Puzzle Game*.

vi)     An online article posted on WeChat features and promotes games developed and published by Oakever and Vita Studio, and attributes them to Lexin.

vii)     Yiwei "Ryan" Liu publicly identifies himself as the Chief Executive Officer (CEO) of Oakever, and according to Chinese corporate registration records, he is also listed as the legal representative of Lexin.

viii)     After receiving notice of Oakever and Vita Studio's copyright infringement, Mr. Liu sent a message to Avia's CEO acknowledging fault and stating that the infringing materials had been taken down. In other words, the legal representative of Lexin dictated and controlled the actions of Oakever and Vita Studio in response to complaints about Oakever and Vita Studio's unlawful copying.

10.     In sum, Oakever, Vita Studio, and Lexin are not separate entities but operate as a single enterprise. Defendants must be treated as alter egos because separating their liability and allowing any one of these companies to avoid liability for the consequences of their rampant copyright infringement would be inequitable.

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

12.     Defendants are subject to this Court's jurisdiction. After Avia submitted takedown notices to Meta for Oakever and Vita Studio's copyright infringement under the Digital Millenium Copyright Act (DMCA), 17 U.S.C. § 512, Oakever represented that it "submitted a DMCA counter-notification to Meta" and attached a counter-notification which reflected

---

[4] *See* https://learnings.jobs.feishu.cn/index

COMPLAINT
Case No.

3022532

Oakever's consent to the jurisdiction of this Court to resolve Avia's claims in its counternotice. Defendants have substantial business within California, including by at least purposefully directing their infringing activities to California. Defendants conduct or conducted extensive business with users in California, and distribute or distributed their mobile games to California through services offered by two California companies, Apple, Inc. and Google LLC. Defendants also intentionally chose to copy video advertisements from Avia, a known competitor with its principal place of business in California. Defendants displayed their infringing ads on Facebook, which is headquartered in California. As a result of their infringement, Defendants derived substantial revenue from California residents.

13.    Venue is proper in this District under 28 U.S.C. § 1391 because substantial activity giving rise to the claims herein occurred in this District.

## DIVISIONAL ASSIGNMENT

14.    Because this is an intellectual property case, it may be assigned to any division under Civil Local Rule 3-2(c) and N.D. Cal. General Order No. 44.

## FACTUAL BACKGROUND

15.    Avia is a leading gaming app developer that creates engaging, skill-based mobile games. The company was co-founded in 2017 by Vickie Chen and Ping Wang, who remain at Avia today as CEO and VP of Strategy and Development, respectively. Through its online platform, Avia offers numerous unique games, including puzzle, card, math, and brain games. These games are accessible to players through different platforms, including the Apple App Store and Galaxy Store. Avia's games can be played for free, or users can elect to pay an entry fee to compete for cash prizes.

16.    Avia has hosted over 450 million tournaments for its games and users have, to date, downloaded Avia games over 60 million times. Avia's games, such as *Solitaire Clash*, *Bingo Tour*, *Bingo Clash*, and the multi-game app *Pocket7Games*, are among the top-ranking mobile apps available today.[5] In recognition of its success and popularity with users, Avia has

---

[5] *See, e.g.*, https://apps.apple.com/us/charts/iphone/board-games/7004 (identifying *Solitaire Clash* as one of the top free games available on the iPhone).

won multiple prestigious awards in the mobile gaming industry, including the BIG Innovation Award, the 2024 Globee Awards for American Business, and most recently, the Customer Service Team of the Year at the 2025 Globee Awards for American Business.

17.    Oakever and Vita Studio also develop gaming apps that are available on the Apple App Store and Google Play Store. Oakever's games include *Tile Explorer* and *Jigsawscapes*.[6] Vita Studio's games include *Vita Solitaire* and *Vita Mahjong*.[7]

18.    According to its website, Lexin also develops mobile gaming apps.[8]

### Avia's Advertisements Promote Its Unique Games

19.    Avia's mobile games have amassed a significant customer base through, among other things, Avia's extensive marketing efforts. Avia has invested a substantial amount of financial and human resources to promote its products and gain additional customers, including, but not limited to, creating and publishing numerous advertisements featuring its mobile games. To create its video advertisements, Avia commissions various professionals to prepare a script for the advertisement, decide its setting/background, act in it, film it, and finalize the production. These professionals expend significant creativity, time, and effort to develop the video advertisements that Avia relies on to attract more users and increase the popularity of its games. A sample screenshot of one of Avia's ads is below:

[6] *See* https://oakevergames.com/games.
[7] *See* https://www.vitastudio.ai/.
[8] *See* https://www.learnings.ai/aboutus.html.

5



20.    Avia's advertisements are widely published and can be seen on Avia's website (www.aviagames.com) and Avia's social media accounts, including Facebook, YouTube, and TikTok. Avia's video advertisements are original, creative works that are copyrighted and owned by Avia.

21.    As discussed further below, Defendants unlawfully copied at least eight (8) Avia video advertisements that were registered with the Copyright Office. The registration numbers and effective dates of registrations for the copyrights-in-suit (collectively, "Avia Works") are as follows: PA 2-543-332 (August 4, 2025); PA 2-543-336 (August 4, 2025); PA 2-543-337 (August 4, 2025); PA 2-543-341 (August 4, 2025); PA 2-543-342 (August 4, 2025); PA 2-543-344 (August 5, 2025); PA 2-553-567 (October 13, 2025); and PA 2-553-322 (November 6, 2025). In addition to their infringement of Avia's registered works, Defendants also removed the CMI of over 100 unregistered Avia ads.

### Defendants Make Near Verbatim Copies of Avia's Video Advertisements

22.    Throughout 2025, if not earlier, Oakever and Vita Studio copied *each and every one* of the eight registered Avia Works and over 100 other unregistered Avia ads and displayed them as advertisements for their own competing mobile apps. There was nothing subtle about Defendants' infringement and removal of CMI. Defendants willfully pirated versions of each Avia Work and other unregistered Avia ads, completely copying and republishing the original footage of Avia's ads. The only difference is at the end of the ads, where Defendants deleted the

6

ads' final images of, and links to, Avia's games and instead substituted their own end images and links to drive customers to their games. As part of their infringement scheme, Defendants then posted their new infringing ads using a different user handle on social media platforms, including Facebook.[9] Below are exemplary side-by-side screenshots reflecting Defendants' blatant copying of Avia Works:

| Avia's Ad for *Solitaire Clash* | Oakever's Ad for *Tile Explorer Now* |
| --- | --- |
|  |  |

---

[9] *See, e.g.,*
https://www.facebook.com/ads/library/?active_status=active&ad_type=all&country=US&id=988
1407171979056&is_targeted_country=false&media_type=all&search_type=page&view_all_page
_id=660626403802365 (Oakever's infringing ad for *Tile Explorer Now*);
https://www.facebook.com/ads/library/?active_status=active&ad_type=all&country=CN&id=424
1977732704761&is_targeted_country=false&media_type=all&search_type=page&view_all_page
_id=423195490876861 (Vita Studio's infringing ad for *Vita Mahjong Game for Seniors*).

3022532

| Avia's Ad for *Solitaire Clash* | Vita Studio's Ad for *Vita Solitaire* |
|---|---|
|  |  |

23. More recently, as part of their scheme of infringing Avia's copyrights and removing CMI, Defendants have begun hiring live actors to shoot new video advertisements but have continued to copy the dialogue of Avia's ads. Defendants' own script disclosed that it was a "*1:1 full copy*" of Avia's ad.

24. Defendants' copycat versions of the Avia Works were critical to their success. Defendants profited handsomely from their widespread campaign of copying the Avia Works and removing CMI from various other unregistered Avia ads, which, upon information and belief, diverted customers away from downloading and playing Avia's mobile games.

**Defendants Continue to Infringe the Avia Works Despite Repeated Warnings**

25. Upon learning of Defendants' rampant copying, Avia promptly gave notice to Oakever, Vita Studio, and Lexin of their infringement in July 2025. Avia also submitted takedown DMCA notices to Meta due to Oakever and Vita Studio's copyright infringement.

26. Oakever responded with a counter-notice claiming it owned all rights to the video content at issue in Avia's takedown notice. That was incorrect. Shortly after Oakever sent the

8

counter-notice, Mr. Liu—Oakever's CEO and Lexin's legal representative—acknowledged the "problematic materials" and the "seriousness" of Defendants' infringement; admitted fault; and informed Avia's CEO that Defendants had conducted an internal review and removed the infringing ads. Separately, Oakever's support team emailed Avia to "express [its] sincere apologies for the use of [Avia's] copyrighted materials in [Oakever's] advertisements on Facebook" and claimed that it withdrew the "counter-notices previously submitted to Facebook." Even so, the infringing copies of Avia's ads and/or those with their CMI removed remain in circulation.

## CAUSES OF ACTION

### Count I – Copyright Infringement (17 U.S.C. § 501)

### (Against All Defendants)

27.    Avia incorporates by reference the foregoing allegations as if fully set forth herein.

28.    The Avia Works are original and creative audiovisual works of authorship fixed in a tangible medium of expression. Avia owns the Avia Works and has registered each work with the Copyright Office.

29.    Defendants had access to the Avia Works, which are publicly available.

30.    Defendants have infringed Avia's exclusive rights under 17 U.S.C. § 106 by, at a minimum, reproducing and displaying the Avia Works.

31.    Defendants' infringing conduct as alleged herein was willful. Defendants knew that they unlawfully copied the Avia Works. Indeed, after Avia informed Mr. Liu of Defendants' infringement, Mr. Liu acknowledged that Defendants' infringing ads were "problematic" and admitted unqualified fault. Likewise, Oakever's support team recognized that Oakever's copying of the Avia Works was improper. Defendants infringed on Avia's exclusive rights, knowing that they were profiting from copyright infringement.

32.    The infringement of Avia's copyrights harmed and continues to harm Avia.

\\

\\

\\

COMPLAINT
Case No.

3022532

**Count II – Violation of the Digital Millenium Copyright Act (17 U.S.C. § 1202))**

**(Against All Defendants)**

33.     Avia incorporates by reference the foregoing allegations as if fully set forth herein.

34.     The titles of Avia's mobile games and Avia's user handle on Facebook, Instagram, and TikTok constitute CMI conveyed in connection with the Avia Works and other Avia ads.

35.     Defendants created copies of Avia Works and over 100 other unregistered Avia ads with such CMI (the titles of Avia's mobile games and/or its user handle) intentionally removed and unlawfully displayed them as their own advertisements on social media platforms such as Facebook.

36.     In violation of Section 1202(b)(1) of the Digital Millenium Copyright Act, Defendants removed the CMI from the Avia Works and over 100 other unregistered Avia ads. Defendants knew or had reasonable grounds to know that such removal will enable, facilitate, and/or conceal their copyright infringement.

37.     In violation of Section 1202(b)(3) of the Digital Millenium Copyright Act, Defendants created copies of the Avia Works and over 100 other unregistered Avia ads and distributed them without their CMI.

38.     Defendants' removal of CMI from the Avia Works harmed and continues to harm Avia.

**PRAYER FOR RELIEF**

WHEREFORE, Avia respectfully requests this Court to enter judgment against Defendants, granting the following relief:

1.     Judgment that Defendants infringed one or more of Avia's copyrights in the Avia Works;

2.     A declaration that such infringement was willful;

3.     An award of actual damages and any additional infringer's profits under 17 U.S.C. § 504 together with pre-judgment and post-judgment interest on the damages award, or if elected prior to final judgment, statutory damages pursuant to 17 U.S.C. § 504(c);

10

4.    An award of actual damages and any additional infringer's profits under 17 U.S.C. § 1203 together with pre-judgment and post-judgment interest on the damages award, or if elected prior to final judgment, statutory damages pursuant to 17 U.S.C. § 1203(c)(3);

5.    An injunction enjoining Defendants, their officers, agents, servants, employees, successors, assigns, and all persons acting in concert with them, from directly or indirectly engaging in acts that infringe Avia's copyrights in the Avia Works or violate Avia's rights under 17 U.S.C. § 1202;

6.    Attorneys' fees and costs in this action; and

7.    Any and all other legal or equitable relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Avia hereby demands a trial by jury as to all issues so triable.

Dated: December 11, 2025                                    KEKER, VAN NEST & PETERS LLP


                                          By:    /s/ Steven K. Taylor
                                                 STEVEN K. TAYLOR
                                                 TRAVIS SILVA
                                                 VICTOR CHIU
                                                 ELIANE F. HOLMLUND

                                                 Attorneys for Plaintiff AVIAGAMES INC.

11

COMPLAINT
Case No.

3022532