UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AVIAGAMES INC.,

         Plaintiff,

      v.

OAKEVER GAMES PTE. LTD., et al.,

         Defendants.

Case No. 25-cv-10616-JST

**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**

Re: ECF No. 17

Before the Court is Plaintiff AviaGames Inc.'s ("Avia") motion for alternative service. ECF No. 17. The Court will grant the motion.

## I.    BACKGROUND

Avia filed a copyright infringement claim against Defendants Oakever Games Pte. Ltd. ("Oakever") and Oakever's corporate affiliates, Vita Games Studio Pte. Ltd ("Vita") and Lexin Shengwen Technology Co. Ltd. ("Lexin"), on December 11, 2025. ECF No. 1. Avia alleges that Oakever is a Singapore-based company engaged in a campaign of copying Avia's video advertisements, and then using the copies to divert potential customers from Avia to Oakever, both of which make mobile game apps. ECF No. 1 ¶¶ 6, 21–24. Avia has initiated service on Vita and Lexin via the Hague Convention process. ECF No. 14 at 2.

On January 14, 2026, Lisa Li, who works at Greenberg Taurig LLP, contacted Avia's counsel to let them know that Oakever had retained her firm to defend this lawsuit. ECF No. 17 at 3, ECF No. 17-1 ¶ 2. Li asked Avia where they would agree to extend the answer and response deadline in exchange for Oakever's waiver of formal service under the Hague Convention. ECF

No. 17-2 at 4.[1]  The parties repeatedly conferred about service and settlement talks, and on January 29, 2026, Li reiterated her offer to "waive formal service via Hague" and claimed that Oakever would consider waiving service for the other two defendants as well.  ECF No. 17-2 at 2.

On March 15, 2026, Avia sent Oakever's counsel a service-waiver form, which Oakever did not return.  ECF No. 17 at 4.  While Li initally claimed that Oakever, as a foreign entity, was entitled to 60 days to return the service-waiver form, Oakever failed to return the form within 60 days.  *Id*.  On May 8, 2026, Li sent Oakever's analysis of the causes of action, claim for damages, Oakever's defenses, and a settlement offer to Avia's counsel.  ECF No. 17 at 4.  But she did not return the service-waiver form.

Following Oakever's failure to waive service, on June 17, 2026, Avia moved for alternative service by service of the complaint upon Li.  ECF No. 17.  No opposition was filed by Oakever, and no reply was filed by Avia.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

Rule 4(f)(1)[2] provides for service of an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Rule 4(f)(3) also authorizes service "by other means not prohibited by international agreement, as the court orders."  "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1)" and "is neither a 'last resort' nor 'extraordinary relief.'"  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).  Courts applying Rule 4(f)(3) have "authorized a wide variety of alternative methods of service including publication,

[1] Li's emails state that they are for "Settlement Purposes Only -- FRE 408 Communication."  ECF No. 17-2 at 2.  Avia has not submitted Li's emails to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction" but instead to show the existence of the communications and the retention of Li as counsel in the litigation.  Fed. R. Evid. 408.  Accordingly, the Court considers these communications to decide the motion for alternative service.

[2] All references to "rules" are to the Federal Rules of Civil Procedure unless stated otherwise.

United States District Court
Northern District of California

ordinary mail, mail to the defendant's last known address . . . and most recently, email." *Id.* at 1016.  The Ninth Circuit "commit[s] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.*

Although a plaintiff is not required to attempt "every permissible means of service of process before petitioning the court for alternative relief" under Rule 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the . . . case necessitate[ ] the district court's intervention." *Id.*  Any method of service must comport with due process, meaning that it "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props.*, 284 F.3d at 1016 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Accordingly, to establish that service by email is appropriate, the moving party must show service by email is (1) not prohibited by international agreement, and (2) reasonably calculated to provide defendants with actual notice.  *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. 8:15-cv0246-DOC (DFMx), 2016 WL 1251008, at *2 (C.D. Cal. Mar. 25, 2016) (collecting cases); *William-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007).

## IV.    DISCUSSION

Avia asks the Court to permit service upon Oakever by email to its United States-based counsel, Li.  ECF No 17 at 5.  Oakever is a Singapore-based corporation with Greenberg Traurig as its United States counsel in this litigation.  *Id*. at 1.  Oakever, through its counsel, has engaged in discussions about settlement, the merits of the litigation, and waiver of service for months.  *Id*. at 4.  Oakever's counsel also repeatedly made assurances that it would accept a waiver of service and then upon Avia sending them a service-waiver form, declined to sign it.  The same counsel has engaged in similar tactics on Oakever's behalf in at least one other case, i.e., requesting waiver-of-service forms from a copyright plaintiff, and acknowledging receipt of such forms, but not returning them.  *Aretis Ltd. v. Oakever Games Pte. Ltd.*, No. 25-CV-04570-AMO (TSH), 2026 WL 972744, at *1 (N.D. Cal. Mar. 12, 2026), *report and recommendation adopted*, No. 25-CV-

04570-AMO, 2026 WL 1022631 (N.D. Cal. Apr. 14, 2026).[3]  Avia has met its burden to "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention" and Avia's "inability to serve an elusive international defendant, striving to evade service of process" enable the Court to "exercise[] its discretionary powers to craft alternate means of service." *Rio Props.*, 285 F.3d at 1016; *Updateme Inc. v. Axel Springer SE*, No. 17-CV-05054-SI, 2018 WL 306682, at *3 (N.D. Cal. Jan. 5, 2018) (permitting service on defendant's U.S. counsel where that counsel contacted plaintiff's counsel and they discussed defendant's counsel accepting service).

As Avia notes, "[s]ervice upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3) and [n]othing in the Hague convention prohibits such service." *UpdatemeI,* 2018 WL 306682, at *3.  Several courts in this district have permitted service on international defendants by email of the complaint sent to the defendant's U.S. counsel.  *Id.* at 3, *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011).  Email service to counsel is not prohibited by international agreement and is reasonably calculated to provide notice.  *Toyo Tire & Rubber Co.*, No. 8:15-cv-0246-DOC (DFMx), 2016 WL 1251008, at *2.  Further, "[t]The Hague Service Convention does not preclude the Court from authorizing service of process via email." *Viral DRM LLC v. Margarita*, No. 3:24-cv-00747-JSC, 2024 WL 5318835, at *1–3 (N.D. Cal. May 31, 2024).  Service on Oakever's counsel is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc.*, 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Therefore, the Court finds that service under Rule 4(f)(3) would comport with "constitutional notions of due process."  Service under Rule 4(f)(3) is " neither a 'last resort' nor 'extraordinary relief,'" and therefore Avia does not have to attempt service by another means first.

---

[3] In *Aretis*, following the communications just described, plaintiff effected service via the Hague Convention.  *Id.*, 2026 WL 972744, at *1–2.

4

**CONCLUSION**

Avia's motion for alternate service is granted.  Avia may serve Oakever by emailing the complaint to Lisa Li at Greenberg Traurig.  Avia shall simultaneously serve a copy of this order on Oakever.

**IT IS SO ORDERED.**

Dated:  July 9, 2026



_____
JON S. TIGAR
United States District Judge